IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

LAWRENCE NORWOOD,         )
    Plaintiff,            )
                          )
v.                        )
                          )   No. 10-CV-3314
DR. SALEH OBAISI,         )

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

At the hearing on November 25, 2013, the Court announced that Dr. David Olysav would be appointed as a neutral court expert to prepare a report on Plaintiff's current condition, recommended treatment, and treatment that should have been afforded, if any. Defendants objected on the grounds that Plaintiff's current treatment is not an issue in this case, since Dr. Obaisi has not treated Plaintiff for over one year. However, whether Plaintiff's current treatment *should* be a part of this case is a large reason why a court-appointed expert is necessary. Without information on the treatment Plaintiff needs now, the Court is unable to efficiently manage this case to avoid the waste of judicial resources in the future. Further, without information on the treatment that should

have been given to Plaintiff after his injury until now, if any, the Court cannot determine whether a disputed issue of fact exists for the jury.

Federal Rule of Evidence 706 requires the Court to give Defendants an opportunity to file objections to the appointment. Accordingly, this is a show cause order pursuant to Rule 706.

**IT IS ORDERED:**

1) By December 6, 2013, the parties are directed to show cause why Dr. David Olysav should not be appointed as an expert pursuant to Federal Rule of Evidence 706 to:

    a) Review Plaintiff's medical records and MRI;

    b) See Plaintiff for a history and physical;

    c) Recommend what, if any, further studies or treatment Plaintiff should have at this time;

    d) Opine whether, based on the medical records and Dr. Olysav's examination, further studies or treatment should have been undertaken by the physicians with respect to Plaintiff's left knee before 11/25/13, and, if so, what further treatment or studies should have been undertaken and what adverse consequences are

more likely than not to occur as a result of such actions having been delayed;

    2)  The Court will pay Dr. Olysav from the District Court Fund up to, but not more than, $400.00 for Dr. Olysav's initial evaluation and report.  If the parties seek additional information or testimony from Dr. Olysav, the parties shall be responsible for paying Dr. Olysav, in the proportion agreed to by the parties.  If the parties cannot agree, they may ask the Court to decide on the apportionment of Dr. Olysav's fees.  Fed. R. Evid. 706 ((c)(2)(compensation is payable in the proportion and at the time that the court directs).

    3) Plaintiff's evaluation by Dr. Olysav shall occur sometime prior to January 10, 2014.  Plaintiff's prison shall have the discretion to determine the date of the appointment and the logistics of producing Plaintiff for the appointment, without prior notice to the parties.

    4)  The Court requests that Dr. Olysav provide his written report to the Court by January 23, 2014, if possible.  The report will be scanned into the docket for all parties to access.

    5)  **IT IS FURTHER ORDERED THAT:**

 a) A status conference is set for January 27, 2014, at 4:00 p.m. by personal appearance of counsel.  Plaintiff shall appear by video.

 b) The clerk is directed to issue a video writ to secure Plaintiff's presence at the conference on January 27, 2014.

 c) The clerk is directed to send this order to Dr. Olysav and to the Warden at Plaintiff's prison.

ENTERED:  12/2/2013

          __s/Sue E. Myerscough__
          SUE E. MYERSCOUGH
         UNITED STATES DISTRICT JUDGE